UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ashely Mendez GUERRERO,<br><br>                                Plaintiff,<br><br>v.<br><br>SDPD CARMEL VALLEY,<br><br>                                Defendant. | Case No.: 23-cv-1518-AGS-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF 3) AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF 2)** |

Plaintiff Ashely Mendez Guerrero moves to proceed without paying the filing fee and for appointed counsel. Guerrero qualifies to proceed without paying the fee, and her complaint states a claim as to at least one cause of action. So, the Court grants Guerrero's motion to waive the filing fee but, because there is no right to appointed counsel in civil cases, denies her motion for counsel.

## MOTION TO PROCEED IN FORMA PAUPERIS

Typically, parties instituting a civil action in a United States district court must pay filing fees of $402.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Guerrero owns no assets and has a single account holding "$22." (ECF 3, at 2.) She had a job as a caretaker paying $3,000 a month, but she lost that job in April and has had no income since. (*Id.*) Her monthly living expenses total $1,000. (*Id.* at 4.) The Court finds that Guerrero has sufficiently shown an inability to pay the initial fees. *See Blount v. Saul*,

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $52 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP.").

## 28 U.S.C. § 1915(e) SCREENING

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). This standard is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). But even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Guerrero alleges that she was "detained" by San Diego Police Department officers for a psychological evaluation. (*See* ECF 1, at 6.) This detention apparently arose because of domestic strife in her home, primarily with her mother and brother. (*Id.* at 2–4.) In any event, Guerrero alleges that the police thought she was lying about her family's abusive behavior and that the officers in turn mistreated Guerrero. (*Id.* at 6.) She was held overnight until she was seen by a "doctor" who "immediately released" her. (*Id.* at 6.)

It's not entirely clear what claims she intends to bring, but she seeks, in addition to a litany of unsupported requests, damages for "unreasonable seizure." (*See also id.* at 7–8 (demanding damages and wide-ranging evidentiary seizures for "malicious prosecution," "Second Amendment infringement," "applied wrong legal standard," and others).) The Court concludes that Guerrero states a claim under 42 U.S.C. § 1983 for Fourth

Amendment unreasonable seizure that is sufficient to pass initial screening. *See Lopez*, 203 F.3d at 1126–27.

Guerrero has only named one arresting officer, and only in the body of the complaint, not in the caption. Nevertheless, the Court will interpret that officer—Laura Adler—as a defendant. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) ("A party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." (cleaned up)).

All other claims mentioned in Guerrero's complaint—including requests to investigate unnamed third parties and family members—are dismissed for failure to state a claim. This includes all claims against the San Diego Police Department—sued as "SDPD Carmel Valley"[2]—as there are only conclusory allegations that could support liability against the department. *See Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1073 (9th Cir. 2016) (noting that municipalities cannot be held liable for their agents' actions and that "[i]n order to establish municipal liability, a plaintiff must show that a policy or custom led to the plaintiff's injury" (cleaned up)).

## MOTION TO APPOINT COUNSEL

Guerrero also moves for appointed counsel. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Even under the statutory authority to recruit counsel in civil cases, the Court cannot force attorneys to represent an indigent civil litigant. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that the relevant statute—28 U.S.C. § 1915—"does not authorize the federal courts to make coercive appointments of counsel"). But "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 970 (citation omitted). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success

---

[2] Although the complaint names "SDPD Carmel Valley," it was entered into the Court's docket as "SDPD Caramel Valley." The Clerk is directed to correct the docket.

on the merits as well as the ability of the petitioner to articulate h[er] claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and quotation marks omitted).

Guerrero has not met the burden for judicial recruitment of counsel. She points to no extraordinary circumstances, and she has not described any efforts to secure pro bono counsel on her own before requesting counsel. (*See* ECF 2 (leaving blank the portions about her own efforts).) The likelihood of success on the merits is unclear, as the Court has no evidence before it. Finally, Guerrero has so far articulated her factual allegations with clarity. (*See generally* ECF 1.) Thus, the motion to appoint counsel is denied.

## CONCLUSION

Based on these allegations, Guerrero's complaint survives the "low threshold" for proceeding past the § 1915(e) screening on a claim for unreasonable seizure against Laura Adler. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). So, the Court **GRANTS** Guerrero's IFP motion. But she has not met the requirements for recruitment of counsel, so that motion is **DENIED**.

The Clerk is directed to update the case caption to correct "SDPD Caramel Valley" to "SDPD Carmel Valley" and to add Laura Adler as a defendant. The Clerk must also issue a summons as to the complaint upon Laura Adler and forward the summons to Guerrero along with a blank version of U.S. Marshal Form 285. In addition, the Clerk will provide Guerrero with a certified copy of this Order, a certified copy of her complaint, and the summons. Guerrero must complete each USM Form 285 completely and accurately, include addresses where defendants may be found or are subject to service under Civil Local Rule 4.1c, and return them to the U.S. Marshal according to the instructions the Clerk provides.

The U.S. Marshal is **ORDERED** to serve a copy of the complaint and summons upon defendant Adler as directed by Guerrero on each completed USM Form 285, and to promptly file proof of service—or proof of any unsuccessful attempt at service—with the Clerk of Court. *See* CivLR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Guerrero is **ORDERED**, after original service by the U.S. Marshal, to serve on defendant or her counsel a copy of every further pleading, motion, or other document submitted for the Court's consideration, under Federal Rule of Civil Procedure 5(b). Guerrero must include with every original document she seeks to file with the Court a certificate stating the manner and date in which a true and correct copy of that document was served on defendants or their counsel. *See* CivLR 5.2. Any document received by the Court that has not been properly filed with the Clerk, or that fails to include a certificate of service upon defendants or their counsel, may be disregarded.

Dated:  August 22, 2023

Andrew G. Schopler
United States District Judge